**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE KATHRYN H. VRATIL**

Date:              March 15, 2013
Courtroom Deputy:  Sabrina Grimm
Court Reporter:    Mary George
Probation:         Gary Kruck

---

Criminal Action No.  10-cr-00502-KHV

| UNITED STATES OF AMERICA, | Suneeta Hazra |
|---|---|
|  | Jamie L. Mendelson |
| Plaintiff, | Tonya S. Andrews |

v.

| 1. | MICHAEL JACOBY, | Barrett Weisz |
|---|---|---|
|  |  | Thomas Ward |
| 2. | DEREK ZAR, | Dana M. Casper |
| 4. | MICHAEL MACY, | Gregory Daniels |

Defendants.

---

**COURTROOM MINUTES**

---

**SENTENCING**

**10:07 a.m.    Court in session.**

Defendant Derek Zar is present on bond.

Court's preliminary remarks.

Janet Hukill, former FBI agent, also present and seated at Plaintiff's table. Mark Milavitz, present on behalf of defendant Suzanne Zar, is seated at Defendants' table.

There is no plea agreement as the defendant, Derek Zar, was found guilty by a jury on August 30, 2012 to Counts 2, 4, 5, 7, and 15 of the Superseding Indictment.

1

March 15, 2013
10-cr-00502-KHV

Government states it has no objections to the findings, but objects to the sentencing recommendation of the presentence investigation report as to defendant Derek Zar.

Discussion regarding defendant Derek Zar's objections to 2 and 3 of addendum to presentence investigation report by Ms. Casper.

10: 11 a.m.     Argument by Ms. Casper

10:20 a.m.      Argument by Ms. Hazra.

10:22 a.m.      Rebuttal argument by Ms. Casper.

**Objections 2 and 3 are overruled**.

Discussion regarding Defendant Derek Zar's objections to 4 and 8 of addendum to presentence investigation report by Ms. Casper.

10:24 a.m.      Argument by Ms. Casper.

10:28 a.m.      Argument by Ms. Hazra.

10:30 a.m.      Rebuttal argument by Ms. Casper.

**Objections 4 and 8 are overruled.**

Discussion regarding Defendant Derek Zar's objections to 5 and 6 of addendum to presentence investigation report by Ms. Casper.

10:34 a.m.      Argument by Ms. Casper.

10:36 a.m.      Argument by Ms. Hazra.

10: 40 a.m.     Government's witness, Janet Hukill, sworn.

Direct examination of Ms. Hukill by Ms. Mendelson.

10:55 a.m.      Cross examination of Ms. Hukill by Ms. Casper.

11:00 a.m.      Cross examination of Ms. Hukill by Mr. Weisz.

11:06 a.m.      Cross examination of Ms. Hukill by Mr. Milavitz.

March 15, 2013
10-cr-00502-KHV

| | |
|---|---|
| 11:22 a.m. | Re-direct examination of Ms. Hukill by Ms. Mendelson. |
| 11:30 a.m. | Re-cross examination of Ms. Hukill by Mr. Milavitz. |
| 11:31 a.m. | Further examination of Ms. Hukill by Ms. Mendelson. |
| 11:47 a.m. | Re-cross examination of Ms. Hukill by Mr. Weisz. |

 **Government's Exhibit found at ECF No. [599-1], received.**

Continued discussion regarding Defendant Derek Zar's objections to 5, 6, and 7 of addendum to presentence investigation report by Ms. Casper.

**Objections 5, 6, and 7 are moot.**

Statement by Ms. Casper, Ms. Hazra, and Defendant Derek Zar.

**ORDERED:** Derek Zar' Motion for Non-guideline Sentence Pursuant to 18 U.S.C.§ 3553 [585], is **OVERRULED**.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Derek Zar, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 63 months on Counts 2, 4, 5, 7 and 15 to be served concurrently.**

**ORDERED**: Upon release from imprisonment, defendant Derek Zar shall be placed on **supervised release for a period of 3 years on each of Counts 2, 4, 5, 7, and 15 to be served concurrently.**

**ORDERED**: Conditions of Supervised Release as to defendant Derek Zar:
- (X) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (X) Defendant shall not commit another federal, state or local crime.
- (X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.
- (X) Defendant shall comply with standard conditions as adopted by the court.
- (X) Defendant will cooperate in the collection of DNA as directed by the probation officer.
- (X) Defendant shall not unlawfully possess a controlled substance.

   **SPECIAL CONDITIONS** of Supervised Release as to defendant Derek Zar:
- (X) Defendant shall not incur new credit charges or open additional lines of credit

March 15, 2013
10-cr-00502-KHV

- (X) without the approval of the Probation Office unless defendant is in compliance with the installment payment schedule.
- (X) Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (X) Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and his employer(s), including, but not limited to, full-time, part-time, temporary, and contract employment.
- (X) Defendant shall comply with the terms and conditions for payment of the special assessment and restitution imposed by this judgment.

**ORDERED:** Defendant Derek Zar shall pay $500.00 to Crime Victim Fund (Special Assessment) to be paid immediately.

**ORDERED:** No fine is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED**: Defendant Derek Zar shall make restitution in the amount of $1,417,902.00 to victims identified in Exhibit 599-1. Restitution shall be paid jointly and severally with any obligation imposed on Michael Jacoby (10-cr-00502-KHV-01), Susanne Zar (10-cr-00502-KHV-03), or Michael Macy (10-cr-00502-KHV-04). The Court waives interest on restitution.

**ORDERED**: Restitution and special assessment are due immediately. While in custody, the defendant, Derek Zar, can make payment obligations through the inmate financial responsibility program. Within 60 days of release, defendant shall meet with the probation officer and develop a plan for paying the balance of the restitution obligation. The plan will be forwarded to the judge for review and approval.

**ORDERED**: Defendant Derek Zar shall forfeit to the United States any real or personal property which was derived from proceeds of these offenses.

**ORDERED**: Defendant advised of right to appeal.

The court finds the defendant, Derek Zar, **is not** likely to flee or pose a danger to the safety of any other person or the community**. IT IS ORDERED** that defendant surrender at the institution designated by the Bureau of Prisons before noon within 2 weeks of receiving designation.

Defendant Derek Zar's oral motion to be permitted to remain at liberty pending appeal by Ms. Casper.

4

March 15, 2013
10-cr-00502-KHV

| | |
|---|---|
| 12:25 a.m. | Argument by Ms. Casper. |
| 12:26 a.m. | Argument by Ms. Hazra. |

**ORDERED:** Defendant Derek Zar's oral motion to be permitted to remain at liberty pending appeal, is **OVERRULED**.

**12:28 p.m.   Court in recess.**
**12:40 p.m.   Court in session.**

Defendant Michael Jacoby is present on bond.

Court's preliminary remarks.

There is no plea agreement as the defendant, Michael Jacoby, was found guilty by a jury on August 30, 2012 to Counts 1 through 14, 17, and 18 of the Superseding Indictment.

Government does not object to the findings and recommendations of the presentence investigation report as to Michael Jacoby.

Discussion regarding Defendant Michael Jacoby's objections to 16, 21, 25, and 31 of addendum to presentence investigation report by Mr. Weisz.

| | |
|---|---|
| 12:44 p.m. | Argument by Mr. Weisz. |
| 12:55 p.m. | Argument by Ms. Hazra. |
| 12:57 a.m. | Rebuttal argument by Mr. Weisz. |

**Objections 16, 21, 25, and 31 are overruled.**

Discussion regarding Defendant Michael Jacoby's objection to role in offence by Mr. Weisz.

| | |
|---|---|
| 1:04 p.m. | Argument by Mr. Weisz. |
| 1:06 p.m. | Argument by Ms. Hazra. |

**Objection to Mr. Jacoby's role in offence is overruled.**

Discussion regarding Defendant Michael Jacoby's objection to restitution by Mr. Weisz.

1:07 p.m.        Argument by Mr. Weisz.

5

March 15, 2013
10-cr-00502-KHV

1:09 p.m.          Argument by Ms. Hazra

**Objection to restitution is overruled.**

Statement by Mr. Ward and Ms. Hazra.

Discussion regarding forfeiture issue.

1:40 p.m.          Argument by Ms. Andrews.

1:43 p.m.          Argument by Mr. Weisz.

1:48 p.m.          Rebuttal argument by Ms. Andrews.

**ORDERED:**   **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Michael Jacoby, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 108 months on each of Counts 1 through 14, 17 and 18 to run concurrently.**

**ORDERED**:   Upon release from imprisonment, defendant, Michael Jacoby, shall be placed on **supervised release for a period of 3 years on each of Counts 1 thru 14 to run concurrently and 5 years on each of Counts 17 and 18 to run concurrently.**

Court recommends that the Bureau of Prisons place the defendant, Michael Jacoby, as close as possible to Denver

**ORDERED**:   Conditions of Supervised Release as to defendant Michael Jacoby:
- (X)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released
- (X)   Defendant shall not commit another federal, state or local crime
- (X)   Defendant shall not possess a firearm as defined in 18 U.S.C. § 921
- (X)   Defendant shall comply with standard conditions as adopted by the court
- (X)   Defendant shall not unlawfully possess a controlled substance
- (X)   Defendant will cooperate in the collection of DNA as directed by the probation officer.

  **SPECIAL CONDITIONS**: of Supervised Release as to defendant Michael Jacoby:
  - (X)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office unless defendant is in compliance with the installment payment schedule.
  - (X)   Defendant shall apply any monies received from income tax refunds, lottery

|     |     |
| --- | --- |
|     | winnings, inheritances, judgments and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case. |
| (X) | Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and his employer(s), including, but not limited to, full-time, part-time, temporary, and contract employment. |
| (X) | Defendant shall submit to financial monitoring by, or at the direction of, the probation officer. |
| (X) | Defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested. |
| (X) | Defendant shall maintain separate personal and business finances and shall no comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit. |
| (X) | Defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes. |
| (X) | Defendant shall not sponsor, manage, attend, participate in, play any role in, or attend any financial, real estate, or investment-based seminars, meetup groups, coaching sessions, individual sessions, group sessions, web sessions, blogs, twitter postings, or any other forms of contact without the prior permission of his supervising probation officer. |
| (X) | Defendant shall not represent himself to any person or corporate entity as an advisor or expert in the financial or real estate fields. This applies to both profit and not for- profit ventures. |
| (X) | Defendant shall comply with the terms and conditions for payment of the special assessment and restitution imposed by this judgment. |

**ORDERED:** Defendant Michael Jacoby shall pay $1,600.00 to Crime Victim Fund (Special Assessment) to be paid immediately

**ORDERED:** No fine is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED**: Defendant Michael Jacoby shall make restitution in the amount $2,979,712.00 to the victims identified in Exhibit 599-1.  Restitution shall be paid jointly and severally with any obligation imposed on Derek Zar (10-cr-00502-KHV-02), Susanne Zar (10-cr-00502-KHV-03), or Michael Macy (10-cr-00502-KHV-04). The Court waives interest on restitution

**ORDERED**: Restitution and special assessment are due immediately.  While in custody, the defendant can make payment obligations through the inmate financial

March 15, 2013
10-cr-00502-KHV

>responsibility program.  Within 60 days of release, defendant shall meet with the probation officer and develop a plan for paying the balance of the restitution obligation.  The plan will be forwarded to the judge for review and approval.

**ORDERED**:   Defendant advised of right to appeal.

**ORDERED**:   Defendant Michael Jacoby shall forfeit to the United States any real or personal property which was derived from proceeds of these offenses.

The court finds the defendant, Michael Jacoby, **is not** likely to flee or pose a danger to the safety of any other person or the community**.  IT IS ORDERED** that defendant surrender at the institution designated by the Bureau of Prisons.

**ORDERED:**   Government's Motion for Forfeiture Money Judgment as to Michael Jacoby and Preliminary Order of Forfeiture of Substitute Assets [530], is **SUSTAINED**.

**ORDERED:**   Defendant Jacoby's Motion for a Non-guideline Sentence [594], is **OVERRULED**.

Discussion regarding motion for appointment of appellate counsel.

**ORDERED:**   Defendant Jacoby's Motion for Appointment of Appellate Counsel [636], is **SUSTAINED**.

Discussion regarding money being held in escrow.

Government's oral motion to return money held in escrow to First Bank by Ms. Andrews.

**ORDERED**:   Government's oral motion to return money held in escrow to First Bank, is **SUSTAINED**.

**2:09 p.m.      Court in recess.**
**2:13 p.m.      Court in session.**

Defendant Michael Macy is present on bond.

Court's preliminary remarks.

Defendant Michael Macy plead guilty to Count 1 of the Indictment on June 16, 2011.

No objections to finding and recommendations.

8

March 15, 2013
10-cr-00502-KHV

Statement by Mr. Daniels, the defendant, and Ms. Hazra.

**ORDERED**:   Government's Motion Pursuant to 18 U.S.C. §3553(e) and §5K1.1 for Downward Departure Based on Substantial Assistance And for Three Level Reduction in Base Offense Level [629], is **SUSTAINED**.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Michael Macy, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time served.**

**ORDERED**:   Upon release from imprisonment, defendant, Michael Macy, shall be placed on **supervised release for a period of 3 years with the first 12 months to include a special condition of home confinement.**

**ORDERED**:   Conditions of Supervised Release as to defendant Michael Macy:
  (X)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released
  (X)   Defendant shall not commit another federal, state or local crime
  (X)   Defendant shall not possess a firearm as defined in 18 U.S.C. § 921
  ( )    Defendant shall comply with standard conditions as adopted by the court
  (X)   Defendant shall not unlawfully possess a controlled substance
  (X)   Defendant will cooperate in the collection of DNA as directed by the probation officer.

  **SPECIAL CONDITIONS**: of Supervised Release as to defendant Michael Macy:
  (X)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office unless defendant is in compliance with the installment payment schedule.
  (X)   Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
  (X)   Defendant shall not be employed in a fiduciary position.
  (X)   Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and his employer(s), including, but not limited to, full-time, part-time, temporary, and contract employment.
  (X)   Defendant shall submit to financial monitoring by, or at the direction of, the probation officer.
  (X)   Defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.
  (X)   Defendant shall maintain separate personal and business finances and shall no

March 15, 2013
10-cr-00502-KHV

|     |     |
| --- | --- |
|     | comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit. |
| (X) | Defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes. |
| (X) | Defendant shall comply with the terms and conditions for payment of the special assessment and restitution imposed by this judgment. |
| (X) | Defendant shall pay restitution not later than the expiration of the term of supervised release.  This obligation shall be due and payable during the period of incarceration, with any unpaid balance be paid during term of supervised release as directed by the Probation Office. |

**ORDERED:** Defendant Michael Macy shall pay $100.00 to Crime Victim Fund (Special Assessment) to be paid immediately.

**ORDERED:** No fine is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED**: Defendant Michael Macy shall make restitution in the amount of $433,013.00 to the victims identified in Exhibit 599-1.  Restitution shall be paid jointly and severally with any obligation imposed on Michael Jacoby (10-cr-00502-KHV-01), Derek Zar (10-cr-00502-KHV-02), and Susanne Zar (10-cr-00502-KHV-03).  The Court waives interest on restitution

**ORDERED**: Restitution and special assessment are due immediately. Defendant shall meet with the probation officer and develop a plan for paying the balance of the restitution obligation.  The plan will be forwarded to the judge for review and approval.

**ORDERED**: Defendant Michael Macy shall forfeit to the United States any real or personal property which was derived from proceeds of these offenses.

**ORDERED**:  Defendant advised of right to appeal.

Government's oral motion to dismiss Counts 3, 6, 11, 15, and 16 of the Indictment as to Michael Macy by Ms. Hazra.

**ORDERED**: Government's oral motion to dismiss Counts 3, 6, 11, 15, and 16 of the Indictment as to Michael Macy, is **SUSTAINED**.

**2:31 p.m.**     **Court in recess.**
Hearing concluded.
Time:  04:08